LIEUTENANT P. B. DUNGAN, U.S.N., on Behalf of the ISLAND GOVERNMENT, Plaintiff

v.

E. W. GURR, Defendant

Nos. 2 & 3-1908

High Court of American Samoa

Civil Jurisdiction, Trial Division

April 25, 1908

W. G. BRIGGS, Lieutenant, U.S.N.; and J. L. DWYER

DECISION

The Plaintiff in the actions before the Court, has brought suit to recover certain sums of money collected by the Defendant, in his capacity as Secretary of Native Affairs, for copra sold by the Island Government for the benefit of the inhabitants of this Colony.

Upon the trial of this cause, but two witnesses were sworn to testify as to the merits. The Plaintiff's testimony consisted in presenting to the Court numerous books and documents, showing the transactions of the Defendant as Secretary of Native Affairs. The Defendant produced one witness, whose testimony merely showed that there was a great pressure of business in the office of the Secretary of Native Affairs in the year 1903, and that during that year the books in his office balanced regularly every month.

The testimony thoroughly convinces this Court that the Defendant did collect moneys accruing from the sale of copra, and did not deliver over to the Island Treasurer, nor apply to the benefit of the inhabitants of this Colony, all of the moneys collected by him in his official position, as Secretary of Native Affairs. It developed upon the Court

to determine the exact sums of money for which the Defendant shall be held to be liable.

The Court found it necessary to make a thorough and minute examination of the various exhibits offered, comprising the books of account of the Secretary of Native Affairs, and many documents relating to the subject matter of this suit, and the Court's findings are based upon the testimony presented to it, as substantiated or refuted by the documentary evidence offered during the trial.

The Court finds that during the year 1903, the Defendant received the sum of Five Hundred Dollars ($500) from the Pacific Oil & Lead Works of San Francisco, California, as payment for copra delivered by this Government, and that he failed to turn over the said sum to the Island Treasurer, and the Court holds him liable for this amount, as being wrongfully withheld by him.

In the year 1904, the testimony of the Plaintiff tended to show that the Defendant likewise withheld the sum of $3,273.92—moneys collected by the Defendant for copra sold but not delivered over to the proper officer charged with the custody of same. The Court has given special attention to this item, and has carefully compared and checked the various documents in evidence bearing upon this sum. The records of the Secretary of Native Affairs are deplorably incomplete in showing the amounts of copra sold, the prices paid for same, and the times of shipment. Further complications arose from the fact that English money was the principal medium of exchange, although the books were kept by the Secretary of Native Affairs in U.S. money—a pound Sterling being the equivalent of five dollars U.S. gold. Among the various exhibits offered, Exhibit 18, a statement of the copra of the Western District for 1904, contained the following item: "Sydney, 65,056 pounds at $48 per ton, . . . $1,394.79." The Plaintiff's theory is to the effect that this copra was shipped during

177

the copra year of 1904, and he has therefore included it in the amount claimed by him, as mentioned before in this paragraph, viz.: $3,273.92. The Court finds absolutely nothing, with the exception of this Exhibit (No. 18) to show that this copra was shipped to Sydney in the copra year of 1904, but, on the contrary, the Court is thoroughly convinced that this copra was shipped late in the copra year 1903, which would be, of course, in the calendar year of 1904. The receipts for 1903, as given by the cash book of the Secretary of Native Affairs' and the Island Treasurer's receipts, are in excess of the value of the copra for that year, as summarized in Exhibit P. But the addition of the sum of $1,394.79 to the amount for which the Defendant is responsible in the copra year 1903,—less the sum of $1,166.97, which he apparently entered in excess against himself—leaves a further deficiency of the Defendant in the year 1903, of $227.82, but, as this is not included in the allegations of Plaintiff, it will not be considered by this Court.

The Court will therefore deduct the amount of $1,394.79 from the Plaintiff's claim for the year 1904, and finds that the Defendant has wrongfully withheld from the Island Treasurer the sum of $1,879.13 for this year.

As to Plaintiff's claim for deficiency in the copra year 1905, no evidence was presented by the Defendant. The testimony of the Plaintiff, corroborated by the Court's examination of the documentary evidence produced, shows clearly that the Defendant failed in this year to deliver over $1,244.49 of the proceeds of the sale of copra, and the Court finds that this amount has likewise been wrongfully withheld by the Defendant.

As to the sum of $1,920.79, claimed by the Plaintiff (Case No. 3-1908) the undisputed proofs show that in the year 1905 the sum of $1,920.79 was overpaid by the contractors for the copra of that year. Up to October of that

year, the moneys paid by the contractors were kept in the custody of the Secretary of Native Affairs, after which time the Island Treasurer took charge of all moneys derived from the disposition of copra. The proofs further show that after the time that the moneys were delivered over to the Island Treasurer, the sales of copra to the contractor agreed with the amounts paid by the contractor. At the end of the season, it was discovered that the contractor had overpaid $1,920.79, in excess of the value of the copra at the contract price, and that amount was promptly sent to the contractor by the Island Treasurer and charged to the moneys which the Island Treasurer had actually received. The Court finds that this overpayment occurred prior to the time that the Island Treasurer took charge of the moneys arising from the sale of copra, and that the amount of this overpayment, $1,920.79, was not delivered to the Island Treasurer, but was wrongfully withheld by the Defendant, and that the Defendant, retaining possession of this amount paid to him, drew a check upon the Island Treasurer to reimburse the contractor for the amount overpaid by the contractor to the Defendant, but never accounted for it.

The various sums of money for which this Court finds the Defendant responsible, which moneys said Defendant failed and neglected to deliver over to the Island Treasurer, but wrongfully withheld and retained in his own possession, are as follows:—

| | |
|---|---|
| 1903 | $ 500.00 |
| 1904 | 1,879.13 |
| 1905 | 1,244.49 |
| 1905 (overpayment) | 1,920.79 |

making a total of ...................................... $5,544.41, and judgment will be rendered against Defendant for that amount.

The Court will assess no damages by way of interest or otherwise against the Defendant. The Plaintiff had ample opportunity to prove whatever damages he may have suffered, and in the absence of any such proof, the discretion of the Court will be exercised for the benefit of the Defendant.

Costs of Court will be assessed against Defendant for all proceedings incidental to this action, except the hearing on demurrer; Plaintiff will pay the costs of said hearing.